## UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

In re Brandon Canup,

    Petitioner.

Case No.: 26-11887-C

---

## RESPONSE IN OPPOSITION TO PETITIONER'S
## MOTION TO STAY DISTRICT COURT PROCEEDINGS

---

Respondents Bryan F. Aylstock, Aylstock, Witkin, Kreis & Overholtz, PLLC, and Bobby Bradford, by and through undersigned counsel, respectfully request that this Court deny Petitioner Brandon Canup's Motion to Stay and, in support thereof, state as follows:

### I.    <u>SUMMARY OF RESPONSE</u>

Canup's Motion to Stay must be denied because he cannot satisfy the demanding standard required for such extraordinary relief. A stay is not granted as a matter of right. <u>Nken v. Holder</u>, 556 U.S. 418, 427 (2009). Rather, to obtain a stay, Canup must establish, *inter alia*, that he is likely to succeed on the merits and will suffer irreparable harm absent a stay. <u>Id.</u> at 426. Here, he can do neither.

First, his mandamus petition is unlikely to succeed because he cannot establish a clear and indisputable right to recusal. At a minimum, Judge Rodgers' decision denying recusal is reasonably debatable, which forecloses mandamus relief. Second, Canup cannot demonstrate irreparable harm because any challenge

to the recusal ruling may be raised through the ordinary appellate process following the entry of final judgment.

The remaining factors likewise weigh against a stay. Suspending these proceedings would prejudice the parties, increase costs, and disrupt the orderly administration of this case. It would also undermine the public interest by fragmenting the litigation and permitting Canup to bypass the normal appellate process. Because Canup cannot satisfy any of the factors governing a stay, the Motion to Stay must be denied.

## II.    INCORPORATED MEMORANDUM OF LAW

**(A)    A Stay Is an Extraordinary Remedy, and the Two Most Important Factors Are Likelihood of Success and Irreparable Harm.**

A stay is an extraordinary remedy that disrupts the ordinary course of judicial and administrative proceedings and is not granted as a matter of right, even where irreparable harm may result. Nken, 556 U.S. at 427.  When determining whether to grant a stay pending appeal, courts consider four factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether issuance of a stay would substantially injure other parties interested in the proceeding; and (4) whether the public interest favors granting the stay. Id. at 426.

Of these factors, the first two are the most important. Id. at 434. The first factor requires more than a mere possibility that relief will be granted. See id.

2

Likewise, simply showing the possibility of irreparable harm does not satisfy the second factor. Id. at 434–35.

**(B)    Canup Cannot Establish Likelihood of Success, Irreparable Harm, or Any Other Factor Warranting a Stay.**

Here, Canup cannot satisfy any of the factors, particularly the first two; therefore, a stay is improper. To satisfy the first factor, i.e., likelihood of success on the merits, Petitioner "must demonstrate h[is] mandamus appeal is likely to succeed." See, e.g., Sterling v. Doe, No. 6:21-CV-723-PGB-EJK, 2022 WL 23047826, at *2 (M.D. Fla. Feb. 24, 2022).

**(1)    Canup's mandamus appeal is unlikely to succeed; therefore, the first factor weighs against a stay.**

To obtain mandamus relief, a petitioner must establish: (1) a clear right to the requested relief; (2) a clear duty on the part of the respondent to perform the requested act; and (3) the absence of any other adequate remedy. See Serrano v. U.S. Atty. Gen., 655 F.3d 1260, 1263 (11th Cir. 2011).  Further, the petitioner bears the burden of demonstrating that the right to issuance of the writ is "clear and indisputable." Id.

These principles foreclose Canup's request for a stay. The Eleventh Circuit has expressly held that "[w]here a judge's duty to recuse himself is debatable or non-existent, a writ of mandamus will not issue to compel recusal." In re DeBose, No. 23-10961, 2023 WL 10447710, at *2 (11th Cir. Sept. 22, 2023).

3

DeBose involved circumstances like those presented here. There, the *pro se* petitioner, like Canup, sought mandamus relief directing the district judge's recusal or, alternatively, vacatur of the order denying her disqualification motion. Id. at *1. The Eleventh Circuit rejected that request because recusal is warranted only where the bias is personal in nature and arises from an extrajudicial source; judicial rulings, standing alone, "almost never constitute a valid basis for a bias or partiality motion." Id. at *1-2.

Moreover, the Eleventh Circuit also emphasized that a district court's ruling on recusal generally may be reviewed on appeal following entry of final judgment, thereby providing an adequate alternative remedy. Id. at *2. Although mandamus may, in extraordinary circumstances, be available to address a recusal ruling before final judgment, such relief is reserved for "exceptional circumstances amounting to a judicial usurpation of power." Id.

Where, as here, the alleged grounds for recusal are, at most, debatable, mandamus relief is unavailable as a matter of law. Id. In the present case, Judge Rodgers denied recusal after finding no personal bias, no personal knowledge of disputed facts, and no basis upon which a reasonable observer could question her impartiality. See Order Denying Recusal at 8; Docket No. 61; E-Filed May 17, 2026. Judge Rodgers found her prior comments regarding MDL leadership did not

4

reflect the type of prejudgment, favoritism or antagonism necessary to warrant disqualification. Id. at 8-9.

Accordingly, Canup cannot demonstrate a likelihood of success on the merits of his mandamus petition. First, he cannot establish a clear and indisputable right to relief because Judge Rodgers' decision denying recusal was, at minimum, reasonably debatable. Second, mandamus relief is unavailable because Canup has an adequate alternative remedy—namely, appellate review after the entry of final judgment.

**(2)   The remaining factors also weigh against a stay.**

First, Canup cannot establish irreparable harm because he has an adequate alternative remedy: he may challenge any adverse rulings on appeal after the entry of final judgment. A stay is not warranted where the alleged harm can be addressed through the ordinary appellate process.

Second, a stay would substantially prejudice the parties and disrupt the orderly progression of this litigation. Halting the proceedings would cause unnecessary delay, increase costs, and require the parties to expend additional resources while awaiting resolution of Canup's mandamus petition.

Finally, the public interest weighs against a stay. Stays are extraordinary remedies because they interrupt the normal course of judicial proceedings. Nken, 556 U.S. at 427. Granting a stay here would fragment the litigation, undermine the

efficient administration of justice, and permit Canup to circumvent the ordinary appellate process. The public has a strong interest in the prompt and orderly resolution of cases through established procedural channels. For these reasons, the public-interest factor weighs against a stay.

Accordingly, because Canup cannot demonstrate irreparable harm and the remaining factors likewise weigh against a stay, his Motion to Stay must be denied.

## III.    CONCLUSION

For the foregoing reasons, Canup has not met his burden of establishing entitlement to the extraordinary remedy of a stay. Because each of the relevant factors weighs against such relief, Respondents respectfully request that the Court deny Canup's Motion to Stay.

## CERTIFICATE OF COMPLIANCE

I certify that this Response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) and Federal Rule of Appellate Procedure 32(g). This response contains 1,167 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

Dated: July 2, 2026.

Respectfully Submitted,

*/s/ Gregory K. Rettig*
Gregory K. Rettig (Fla. Bar No. 172774)
*Counsel for Bryan F. Aylstock, Aylstock, Witkin, Kreis & Overholtz, PLLC, and Bobby Bradford*

5382650_1

**FOR THE FIRM:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
125 W. Romana Street, Suite 330
Pensacola, Florida 32502
Telephone: (850) 777-3322
Facsimile: (850) 777-3290
grettig@lgwmlaw.com
jscoggins@lgwmlaw.com
lglover@lgwmlaw.com
egates@lgwmlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2026, I electronically filed the foregoing Respondents' Response in Opposition to Petitioner's Motion to Stay District Court Proceedings with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system, which will automatically serve notice of such filing on all counsel of record registered to receive CM/ECF notices.

*/s/ Gregory K. Rettig*
*Counsel for Bryan F. Aylstock, Aylstock, Witkin, Kreis & Overholtz, PLLC, and Bobby Bradford*

5382650_1