**No. 26-11887-C**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

IN RE: BRANDON CANUP,

*Petitioner*,

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Florida

No. 3:26-cv-03359-MCR-ZCB

---

## PETITIONER'S REPLY IN SUPPORT OF MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING MANDAMUS PROCEEDINGS

---

Brandon Canup
4812 Hidden Oaks Ln
Arlington, Texas 76017
(972) 762-4314
canup.brandon@gmail.com

Appeal No.: 28-11887-C    IN RE: BRANDON CANUP

## **Certificate of Interested Persons and Corporate Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Petitioner Brandon Canup certifies that, to the best of his knowledge, the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the case or this mandamus petition, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. Petitioner is unaware of any publicly traded corporation owning 10% or more of any corporate party.

1. Aylstock, Bryan F.

2. Aylstock, Witkin, Kreis & Overholtz, PLC

3. Bolitho, Hon. Zachary

4. Bradford, Bobby J.

5. Brown, Gregory

6. Burns, James Martinez

7. Burns Law, LLC

8. Burns, Michael A.

9. Canup, Brandon

C-1 of 2

Appeal No.: 28-11887-C     IN RE: BRANDON CANUP

10. Cole, Scott & Kissane, PA

11. Fernandez, Jonathan

12. Fleming, Nolen & Jez, LLP

13. James Burns, PA

14. Keeton, Justin

15. Lloyd, Gray, Whitehead & Monroe, PC

16. Mostyn Law Firm, PC

17. Rettig, Gregory

18. Roberts, Cliff

19. Rodgers, Hon. M. Casey

20. Stevenson, Benjamin James

21. Stevenson Legal, PLLC

22. Vine, Jonathan

/s/ Brandon Canup

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

C-2 of 2

**IN THE UNITED STATES COURT OF APPEALS FOR THE
ELEVENTH CIRCUIT**

| | |
|---|---|
| IN RE: BRANDON CANUP | Appeal No.: 26-11887-C |

**PETITIONER'S REPLY IN SUPPORT OF MOTION TO STAY DISTRICT
COURT PROCEEDINGS PENDING MANDAMUS PROCEEDINGS**

COMES NOW Petitioner Brandon Canup ("Canup"), proceeding *pro se*, and files this Reply in Support of his Motion to Stay District Court Proceedings Pending Mandamus Proceedings in response to the opposition filed by Respondents Bryan F. Aylstock, Aylstock, Witkin, Kreis & Overholtz, PLLC, and Bobby Bradford. In support, Canup states as follows:

Respondents rely on *In re DeBose* for the proposition that "[w]here a judge's duty to recuse himself is debatable or non-existent, a writ of mandamus will not issue to compel recusal." (11th Cir. Dkt. 12 at 3). But that general proposition does not resolve the materially different issue presented here.

*DeBose* arose from a post-judgment disqualification motion. The Eleventh Circuit expressly stated that DeBose sought mandamus relief "arising out of a post-judgment motion seeking to disqualify a judge," in a civil case where "the final judgment" was already "currently on appeal." *In re DeBose*, No. 23-10961, slip op. at 2 (11th Cir. Sept. 22, 2023). The court then denied mandamus relief because

DeBose had an adequate alternative remedy: she could immediately appeal the order denying her post-judgment disqualification motion, and to the extent she challenged the judge's failure to recuse before final judgment, she could raise that issue in the pending appeal from judgment. *Id*. at 5.

That is not this case. Canup seeks a stay before further district court proceedings occur, while his mandamus petition challenges the propriety of the presiding judge's continued participation. (*See* Pet. 11th Cir. Dkt. 1). There is no final judgment and no pending appeal from a final judgment that can presently review the recusal issue. *DeBose* therefore does not support Respondents' position that ordinary post-judgment review is an adequate remedy here.

Respondents also oversimplify the basis for recusal by treating the petition as though it rests only on judicial comments or adverse rulings. (*See* 11th Cir. Dkt. 12 at 4–5). It does not. Canup's petition relies in part on 28 U.S.C. § 455(b)(1), because Respondents placed at issue an off-the-record request by the presiding judge and alleged Court-created authority arising from that request as a substantive defense. (*See* 11th Cir. Dkt. 1 at 19). As the Eleventh Circuit explained in *United States v. Patti*, subsection (b) "is stricter than subsection (a) because the need for a judge's recusal under subsection (b) is clear; once it has been established that one of the enumerated circumstances exists, there can be no dispute about the propriety of recusal." 337 F.3d 1317, 1321–22 (11th Cir. 2003).

2

The petition identifies Defendant Aylstock's affidavit stating that he and Bradford were "requested by Judge Rodgers" to appear at Canup's March 13, 2024 hearing and that Bradford communicated with Canup's counsel "at the MDL Court's request." (*See* 11th Cir. Dkt. 1 at 19; App. Tab 27-1 ¶¶ 11–12). Respondents then relied on those requests to argue that they acted only pursuant to Court-created MDL authority and therefore owed Canup no attorney-client or fiduciary duties. (*Id.*)

Nor does *DeBose* eliminate the relevance of the appearance concerns identified in the petition. *DeBose* repeated the familiar rule that judicial rulings alone almost never support recusal, but it also recognized *Liteky*'s qualification that judicial opinions formed during proceedings may support recusal when they display the degree of favoritism or antagonism that would make fair judgment impossible. *DeBose*, slip op. at 3–4. Canup has not argued that the district court's comments, standing alone, require recusal. Rather, those comments add to the appearance concern when considered together with Respondents' reliance on the off-record Court request and Court-created authority allegedly arising from that request. (*See* 11th Cir. Dkt. 1 at 27).

Accordingly, *DeBose* is materially distinguishable. It involved post-judgment mandamus relief where immediate appellate remedies already existed. *DeBose*, slip op. at 2, 5. This case involves ongoing district court proceedings, no final judgment,

3

and a mandamus petition based on § 455(b)(1) and § 455(a) concerns arising from Respondents' own reliance on alleged Court-created authority. (11th Cir. Dkt. 1). Respondents' reliance on *DeBose* therefore does not defeat Canup's request for a limited stay pending resolution of the mandamus petition.

## I.    REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Petitioner Brandon Canup respectfully requests that this Court enter an order staying all proceedings in the district court pending resolution of this mandamus proceeding.

Canup further requests such other and further relief as this Court deems just and proper.

Signed this 5th day of July, 2026.                    Respectfully submitted,


*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

4

**Certificate Of Compliance**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 21(d)(1), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 741 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

5

## Certificate Of Service

I HEREBY CERTIFY that I filed this Reply in Support of Motion to Stay District Court Proceedings using the court's electronic-filing system and that a copy of this document and all attachments was furnished pursuant to Federal Rules of Appellate Procedure 21 and 25(d) via email on this 5th day of July 2026 to the following:

**Hon. M. Casey Rodgers**
District Judge of the United States District Court,
Northern District of Florida
flnd_rodgers@flnd.uscourts.gov

**Gregory K. Rettig**
Lloyd, Gray, Whitehead & Monroe, PC
Counsel for Defendants Bryan Aylstock,
Bobby Bradford and Aylstock, Witkin, Kreis &
Overholtz, PLC
grettig@lgwmlaw.com

**Jonathan Vine**
Cole, Scott & Kissane, PA
Counsel for Defendants Gregory Brown and
Fleming, Nolen & Jez, LLP
jonathan.vine@csklegal.com

**Benjamin Stevenson**
Stevenson Legal, PLLC
Counsel for Defendant
Mostyn Law Firm, PC
bjs@stevenson-legal.com

**James Martinez Burns**
James Burns, PA
Counsel for Defendant Michael Burns
jimburnsfllaw@gmail.com

**Michael Burns**
Burns Law, LLC
Defendant, *pro se*
mblawfl@yahoo.com

/s/ Brandon Canup

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***