**No. 26-11887-C**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

---

IN RE BRANDON CANUP,

*Petitioner*,

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Florida

No. 3:26-cv-03359-MCR-ZCB

---

# MOTION TO RECALL MANDATE, PETITION FOR PANEL REHEARING AND REHEARING *EN BANC*

---

Brandon Canup
4812 Hidden Oaks Ln
Arlington, Texas 76017
(972) 762-4314
canup.brandon@gmail.com

**Certificate of Interested Persons and Corporate Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Petitioner Brandon Canup certifies that, to the best of his knowledge, the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the case or this mandamus petition, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. Petitioner is unaware of any publicly traded corporation owning 10% or more of any corporate party.

1. Aylstock, Bryan F.
2. Aylstock, Witkin, Kreis & Overholtz, PLC
3. Bolitho, Hon. Zachary
4. Bradford, Bobby J.
5. Brown, Gregory
6. Burns, James Martinez
7. Burns Law, LLC
8. Burns, Michael A.
9. Canup, Brandon

10. Cole, Scott & Kissane, PA
11. Fernandez, Jonathan
12. Fleming, Nolen & Jez, LLP
13. James Burns, PA
14. Keeton, Justin
15. Lloyd, Gray, Whitehead & Monroe, PC
16. Mostyn Law Firm, PC
17. Rettig, Gregory
18. Roberts, Cliff
19. Rodgers, Hon. M. Casey
20. Rosenberg, Michael
21. Stevenson, Benjamin James
22. Stevenson Legal, PLLC
23. Vine, Jonathan

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

# Table Of Contents

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement ................C-1

Table of Contents ....................................................................................i

Table of Citations .................................................................................... ii

Motion to Recall Mandate ..........................................................................1

Statement of the Issues Asserted to Merit *En Banc* Consideration ..........................3

Statement of the Course of Proceedings and Disposition of the Case......................4

Statement of Facts Necessary to Argument of the Issues ........................................7

Argument and Authorities..........................................................................9

1. The Court Overlooked the § 455(b)(1) Statutory Predicate Necessary to Its Disposition and the Proceeding Presents a Question of Exceptional Importance Concerning Mandatory Disqualification...............................9

2. The Court Misapprehended Canup's § 455(a) Claim, Overlooked Material Circumstances Presented as Part of the Cumulative Appearance Inquiry, and Departed from Controlling Recusal and Pro Se Precedent..13

3. The Court Misapprehended the Procedural Posture, Overlooked an Antecedent Subject-Matter Jurisdiction Question, and Its Disposition Conflicts with Controlling Jurisdictional Precedent ...............................15

Conclusion ..........................................................................................18

Certificate of Compliance..........................................................................20

Certificate of Service ...............................................................................21

Panel Order ..........................................................................................22

## Table of Citations

**Cases** **Page(s)**

*Bender v. Williamsport Area School District*,
475 U.S. 534 (1986) ........................................ 2, 16

*Bochese v. Town of Ponce Inlet*,
405 F.3d 964 (11th Cir. 2005) ........................................ 2, 16

*Burns v. Windsor Insurance Co.*,
31 F.3d 1092 (11th Cir. 1994) ........................................ 18

*Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*,
542 U.S. 367 (2004) ........................................ 11

*Erickson v. Pardus*,
551 U.S. 89 (2007) ........................................ 14

*Fitzgerald v. Seaboard System Railroad*,
760 F.2d 1249 (11th Cir. 1985) ........................................ 16

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005) ........................................ 16

*Gunn v. Minton*,
568 U.S. 251 (2013) ........................................ 17

*Haines v. Kerner*,
404 U.S. 519 (1972) ........................................ 14

*IAL Aircraft Holding, Inc. v. FAA*,
216 F.3d 1304 (11th Cir. 2000) ........................................ 1–2

*In re Moody*,
755 F.3d 891 (11th Cir. 2014) ........................................ 11, 14

*In re Murchison*,
349 U.S. 133 (1955) ........................................ 12

*Judkins v. Beech Aircraft Corp.*,
745 F.2d 1330 (11th Cir. 1984) ............................................................1

*Liteky v. United States*,
510 U.S. 540 (1994) ..............................................................4, 6, 13–14

*Steel Co. v. Citizens for a Better Environment*,
523 U.S. 83 (1998) ..............................................................................16

*Syngenta Crop Protection, Inc. v. Henson*,
537 U.S. 28 (2002) ..............................................................................17

*Tannenbaum v. United States*,
148 F.3d 1262 (11th Cir. 1998) ..........................................................14

*United States v. Patti*,
337 F.3d 1317 (11th Cir. 2003) .................................................9–11, 14

*University of South Alabama v. American Tobacco Co.*,
168 F.3d 405 (11th Cir. 1999) .........................................................16, 18

*Williams v. Best Buy Co.*,
269 F.3d 1316 (11th Cir. 2001) ..........................................................16

*Williams v. Pennsylvania*,
136 S. Ct. 1899 (2016) ........................................................................12

**Statutes**

28 U.S.C. § 455(a) ..............................................................1–3, 5–9, 11, 13–15

28 U.S.C. § 455(b)(1) ..........................................................1–3, 5–6, 8–12, 14

28 U.S.C. § 455(b)(5)(iv) ......................................................................12

28 U.S.C. § 455(e) ...............................................................................12

28 U.S.C. § 1441 .................................................................................17

**Rules**

Federal Rule of Appellate Procedure 32 ..................................................20

Federal Rule of Appellate Procedure 40 .................................1–3, 7, 9, 12, 20

Eleventh Circuit Rule 41-1(b) ..........................................................................1

Eleventh Circuit Rule 41-4 ...............................................................................1

## Motion to Recall Mandate, Petition for Panel Rehearing and Rehearing *En Banc*

Petitioner Brandon Canup, proceeding *pro se*, respectfully petitions for panel rehearing and rehearing *en banc* pursuant to Federal Rule of Appellate Procedure 40 and the applicable Eleventh Circuit Rules.

Because the Court's unpublished September 1, 2026 Order issued as the mandate under Eleventh Circuit Rule 41-4, Canup respectfully requests recall of the mandate to the extent necessary to permit consideration of this timely Petition. Rule 41-1(b) authorizes recall of a mandate to prevent injustice. The Court has recognized that authority in civil proceedings, including where a jurisdictional defect undermined its prior disposition. *See Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1332 (11th Cir. 1984); *IAL Aircraft Holding, Inc. v. FAA*, 216 F.3d 1304, 1305–07 (11th Cir. 2000).

Recall is warranted here for a distinct and limited reason. Rule 40 permits a litigant to seek panel rehearing to identify overlooked or misapprehended points of law or fact and rehearing *en banc* where the proceeding presents questions of exceptional importance or the disposition conflicts with controlling precedent. Fed. R. App. P. 40(b)(1), (b)(2). It would be unjust to allow immediate issuance of a mandate under Rule 41-4 to foreclose those avenues of timely review where, as here, the Petition identifies substantial grounds for both. Canup does not seek to reopen a long-final judgment or relitigate matters that could have been presented earlier. He

seeks timely review of the Court's oversight of the mandatory § 455(b)(1) predicate, its misapprehension of the cumulative § 455(a) claim, and its misapprehension of the underlying action's procedural posture as having been filed in the Northern District of Florida rather than Texas state court, together with its reliance upon eventual appellate review while leaving the antecedent subject-matter-jurisdiction question unresolved.

The jurisdictional concern independently reinforces the limited recall request. In *IAL Aircraft*, this Court recalled its mandate when a jurisdictional defect undermined its prior disposition. 216 F.3d at 1305–07. Although that case concerned the Court's own jurisdiction, the present Petition raises the related obligation to satisfy itself of the district court's jurisdiction before relying upon continued federal adjudication as an adequate alternative remedy. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).

This Petition should be considered under Rule 40 as a petition for panel rehearing and rehearing *en banc*, and not construed solely as a motion for reconsideration directed to the original panel. This is an original mandamus proceeding, and Rule 40 expressly authorizes rehearing *en banc* in an "appeal or other proceeding." The *en banc* request is independently grounded in asserted conflicts with controlling Supreme Court and Eleventh Circuit precedent and

questions of exceptional importance concerning the lawful exercise of federal judicial power.

That distinction is material because the *en banc* process affords each active judge an independent opportunity to determine whether a poll of the Court is warranted. Canup respectfully seeks that process, not merely reconsideration by the original panel. He therefore requests recall of the mandate to the extent necessary and consideration of both requests under Rule 40, including distribution of the *en banc* Petition to the active judges of this Court.

**Statement of the Issues Asserted to Merit *En Banc* Consideration**

Rehearing *en banc* is independently warranted because this proceeding presents questions of exceptional importance concerning continued judicial authority under 28 U.S.C. § 455(b)(1) and unresolved subject-matter jurisdiction, and also implicates the need to maintain uniformity with controlling precedent governing the § 455(a) appearance inquiry, construction of *pro se* filings, and the appellate court's independent jurisdictional duty. Fed. R. App. P. 40(b)(2)(C)–(D). The questions presented are:

1. Whether post-judgment appeal is an adequate alternative remedy where the asserted injury is continued adjudication by a judge subject to mandatory disqualification under 28 U.S.C. § 455(b)(1) because of

personal knowledge of disputed evidentiary facts concerning her own off-the-record request invoked by Respondents as substantive authority.

2. Whether a cumulative § 455(a) appearance claim may be rejected under *Liteky's* "deep-seated favoritism or antagonism" standard where the petitioner expressly disclaimed reliance on judicial comments as an independent basis for recusal, rather than under this Court's objective, fully informed-observer standard.

3. Whether an appellate court may rely on continued federal litigation through final judgment as an adequate alternative remedy without first satisfying itself that the district court possesses subject-matter jurisdiction over a removed action in which jurisdiction was expressly challenged.

4. Whether a *pro se* mandamus petition may be construed so narrowly as to omit or materially alter expressly presented statutory and cumulative recusal theories despite Supreme Court and Eleventh Circuit precedent requiring liberal construction of *pro se* filings.

**Statement of the Course of Proceedings and Disposition of the Case**

Canup filed the underlying action in Texas state court on October 27, 2025. Defendants removed it to the Northern District of Texas on November 6, 2025, and Canup timely moved to remand, challenging subject-matter jurisdiction and compliance with the unanimity requirement. (Petition for Writ of Mandamus at 4–6

("Mandamus Pet."); App. Tab A; App. Tabs 1, 8). The JPML transferred the removed action to the Northern District of Florida on April 2, 2026. (Mandamus Pet. at 5–6; App. Tab A; App. Tab 30).

After transfer, Canup moved for Judge M. Casey Rodgers's disqualification under 28 U.S.C. §§ 455(a) and 455(b)(1), principally based on Respondents' reliance upon an off-the-record request attributed to Judge Rodgers as authority for conduct challenged in the underlying action. Respondent Bryan Aylstock submitted a sworn affidavit stating that he and another MDL leadership attorney were "requested by Judge Rodgers" to appear in Canup's individual proceedings and that related communications occurred "at the MDL Court's request."[1] Judge Rodgers denied recusal on May 17, 2026. (App. Tab 61).

On May 29, 2026, the district court denied remand, concluding that federal-question jurisdiction existed and rejecting Canup's unanimity challenge while declining to resolve whether the relevant defendant had been served before removal. (Mandamus Pet. at 6; App. Tab 70).

Canup filed his Petition for Writ of Mandamus on May 30, 2026, presenting claims under §§ 455(b)(1) and 455(a) and advising this Court that the action originated in Texas state court, was removed over his jurisdictional objection, and was transferred only thereafter. (Mandamus Pet. at 1, 4–6, 9–18; App. Tab A).

[1] Mandamus Pet. at 9; App. Tab 27-1 ¶¶ 11–12.

On September 1, 2026, this Court denied mandamus. As to § 455(b)(1), the Court concluded that the asserted recusal error did not amount to a judicial usurpation of power warranting mandamus because recusal could be reviewed after final judgment. (11th Cir. Dkt. 20 at 5–6). The Court did not determine whether Judge Rodgers possessed personal knowledge of disputed evidentiary facts concerning her own off-the-record request, as alleged in the Petition. (Mandamus Pet. at 9–15). As to § 455(a), the Court characterized the claim as asserting that Judge Rodgers's "comments about leadership counsel create an appearance of partiality" and rejected it under the "deep-seated favoritism or antagonism" formulation in *Liteky v. United States*, 510 U.S. 540, 555 (1994). (11th Cir. Dkt. 20 at 6). The Court also described the underlying action as one Canup filed in the Northern District of Florida. (11th Cir. Dkt. 20 at 2).

Canup now seeks panel rehearing because the Court overlooked or misapprehended material issues concerning the § 455(b)(1) statutory predicate, the cumulative § 455(a) appearance claim, and the antecedent question of subject-matter jurisdiction. He separately seeks rehearing *en banc* because the proceeding presents questions of exceptional importance concerning continued judicial authority under § 455(b)(1) and unresolved subject-matter jurisdiction, and because the Order implicates the need to maintain uniformity with controlling precedent governing §

455(a), construction of *pro se* filings, and the appellate court's independent jurisdictional duty. Fed. R. App. P. 40(b)(2)(C)–(D).

**Statement of Facts Necessary to Argument of the Issues**

The underlying action alleges attorney misconduct arising from events connected to *In re 3M Combat Arms Earplug Products Liability Litigation,* MDL No. 2885. After the global settlement in August 2023, the MDL Court terminated the existing plaintiffs' leadership structure and limited any continuing common-benefit authority to specified settlement-administration functions. (Mandamus Pet. at 3–4, 11–12; App. Tab B at 1–2; App. Tab C at 2–3). Canup rejected participation in the settlement program. (Mandamus Pet. at 3–4; App. Tab 60 ¶ 66).

Respondents nevertheless became involved in Canup's individual proceedings. Mr. Aylstock submitted a sworn affidavit stating that he and another leadership attorney were "requested by Judge Rodgers" to appear and that related communications occurred "at the MDL Court's request." (Mandamus Pet. at 9; App. Tab 27-1 ¶¶ 11–12). Respondents later relied on that request to contend that they acted solely through Court-created MDL leadership authority and therefore undertook no attorney-client or fiduciary obligations toward Canup. (Mandamus Pet. at 9–15).

Canup disputes the scope and purpose of that request as well as the existence of any additional authority allegedly arising from the off-the-record

communications. No publicly filed order defines any such alleged additional authority. (Mandamus Pet. at 11–15). The Petition expressly distinguished these circumstances from ordinary judicial familiarity acquired through presiding over the MDL. (Mandamus Pet. at 14–15).

The Petition separately presented a cumulative § 455(a) appearance claim involving the circumstances described above. Those circumstances included Judge Rodgers's personal knowledge concerning her own disputed off-the-record request to MDL leadership counsel, which Respondents invoked as substantive authority for their challenged conduct; her public praise of MDL leadership counsel; her statement that settlement rejectors would "learn hard lessons"; and her recusals in two materially similar attorney-misconduct actions arising from the same MDL involving overlapping defendants and settlement-related conduct.[2] The Petition did not contend that the comments or prior recusals independently compelled recusal. Rather, it argued that the personal-knowledge dispute, together with the comments and prior recusals, must be considered collectively in determining whether a fully informed objective observer could reasonably question Judge Rodgers's impartiality under § 455(a). (Mandamus Pet. at 15–18).

Finally, the Petition informed this Court that the action originated in Texas state court, was removed over Canup's jurisdictional objection, and was transferred

[2] Mandamus Pet. at 9–18; App. Tab 27-1 ¶¶ 11–12; App. Tabs 37-4, 37-5, 37-6, 37-8, 37-9.

to the Northern District of Florida only afterward. (Mandamus Pet. at 4–6; App. Tab A). The September 1 Order nevertheless treated the § 455(a) issue principally as whether Judge Rodgers's comments independently demonstrated "deep-seated favoritism or antagonism." (11th Cir. Dkt. 20 at 6).

## Argument and Authorities

### 1. The Court Overlooked the § 455(b)(1) Statutory Predicate Necessary to Its Disposition and the Proceeding Presents a Question of Exceptional Importance Concerning Mandatory Disqualification

Panel rehearing is appropriate where the Court has "overlooked or misapprehended" a material point of law or fact. Fed. R. App. P. 40(b)(1). Here, the Court overlooked the threshold question expressly presented by Canup's § 455(b)(1) claim: whether Judge Rodgers's off-the-record request to Respondents, and her personal knowledge of its scope and purpose, constitute "personal knowledge of disputed evidentiary facts concerning the proceeding." (Mandamus Pet. at 9–15). Rather than decide that question, the Court proceeded directly to judicial usurpation and adequate alternative remedy, concluding that recusal could be reviewed after final judgment. (11th Cir. Dkt. 20 at 5–6).

Section 455(b)(1) requires a judge to disqualify herself where she possesses "personal knowledge of disputed evidentiary facts concerning the proceeding." Unlike § 455(a), subsection (b) is mandatory; once an enumerated circumstance exists, "there can be no dispute about the propriety of recusal." *United States v. Patti*,

337 F.3d 1317, 1321–22 (11th Cir. 2003). That language is critical here. The Court reasoned that mandamus does not lie where the asserted recusal duty is debatable, but it never determined whether § 455(b)(1) applies. Under *Patti*, if the enumerated circumstance exists, the propriety of recusal is not debatable.

The mandamus petition squarely presented that statutory predicate. Respondents submitted sworn evidence that Judge Rodgers personally requested leadership counsel's participation in Canup's matter and then relied on that request and purported Court-created authority as substantive defenses. (Mandamus Pet. at 9–15; App. Tab 27-1 ¶¶ 11–12). Canup disputed the scope, purpose, and implications of that off-the-record request and expressly distinguished the issue from ordinary judicial familiarity acquired through presiding over proceedings. (Mandamus Pet. at 11–15). The asserted knowledge does not arise merely from Judge Rodgers's review of evidence or ordinary judicial familiarity with prior proceedings; it concerns her own participation in the disputed factual event.

The Court did not hold that Judge Rodgers lacked personal knowledge of disputed evidentiary facts, that the scope or purpose of the request was undisputed, that the relevant facts were fully reflected in the record and subject to adversarial testing, or that § 455(b)(1) was inapplicable as a matter of law. It simply passed over that statutory predicate. (11th Cir. Dkt. 20 at 5–6). But if § 455(b)(1) applies, as

Canup contends that it does, Congress has already made disqualification mandatory, and *Patti* makes clear that there is then "no dispute about the propriety of recusal."

That omission is material because mandamus exists to confine a lower court to the lawful exercise of its authority and may issue to correct a "judicial usurpation of power." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Moody*, 755 F.3d 891, 898 (11th Cir. 2014). If § 455(b)(1) applies, as Canup contends, the Court must then determine whether continued adjudication despite Congress's mandatory command constitutes the usurpation mandamus exists to prevent. Post-judgment review does not resolve that antecedent question because the asserted injury is continued adjudication by a judge whom Congress has prohibited from continuing to preside.

This Court has itself treated immediate mandamus as an available means of obtaining review of a denied recusal motion. In *Patti*, the Court refused to review a § 455(a) recusal denial after an unconditional guilty plea in part because the litigant "immediately could have petitioned this Court for a writ of mandamus upon the denial of his motion" but failed to do so. *Patti*, 337 F.3d at 1322–23. Canup did precisely what *Patti* identified as the available means of immediate review. Although *Patti* does not hold that mandamus must issue whenever recusal is denied, its reasoning weighs against treating post-judgment appeal as categorically sufficient without first addressing the mandatory § 455(b)(1) predicate presented here.

Congress's treatment of related circumstances reinforces the mandatory character of subsection (b). Section 455(b)(5)(iv) separately requires disqualification where a judge knows that she is likely to be a material witness in the proceeding, and § 455(e) prohibits waiver of any ground enumerated in subsection (b). 28 U.S.C. §§ 455(b)(5)(iv), 455(e). These provisions further confirm Congress's judgment that a judge's personal evidentiary involvement in a proceeding presents a mandatory, nonwaivable disqualification concern.

The issue also implicates the fundamental requirement of adjudication before a neutral decisionmaker on a record capable of adversarial testing. *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905–06 (2016); *In re Murchison*, 349 U.S. 133, 136 (1955). Participation by a judge possessing personal knowledge of disputed evidentiary facts is materially different from an ordinary correctable ruling.

Panel rehearing is warranted because the Court overlooked the threshold § 455(b)(1) question and resolved the downstream issues of judicial usurpation and adequate alternative remedy without first deciding that statutory predicate. Rehearing *en banc* is independently warranted because whether post-judgment appeal is an adequate remedy where Congress has imposed a mandatory, nondebatable duty of disqualification concerns the lawful exercise of federal judicial power and presents a question of exceptional importance under Fed. R. App. P. 40(b)(2)(D).

### 2. The Court Misapprehended Canup's § 455(a) Claim, Overlooked Material Circumstances Presented as Part of the Cumulative Appearance Inquiry, and Departed from Controlling Recusal and Pro Se Precedent

The Court characterized Canup's § 455(a) claim as asserting that Judge Rodgers's "comments about leadership counsel create an appearance of partiality" and rejected that contention because the comments did not demonstrate the "deep-seated favoritism or antagonism" discussed in *Liteky*, 510 U.S. at 555. (11th Cir. Dkt. 20 at 6).

That was not the claim presented. The Petition expressly stated that Canup did "not contend that the statements independently require recusal in isolation." (Mandamus Pet. at 17). It instead asked whether a fully informed objective observer could reasonably question impartiality from the circumstances taken together. (Mandamus Pet. at 15–18).

Those circumstances included Judge Rodgers's firsthand knowledge concerning the disputed off-the-record request attributed to her and invoked by Respondents as substantive authority for their conduct; her public praise of MDL leadership counsel, including attorneys whose conduct is challenged here; her statement that settlement rejectors would "learn hard lessons"; and her recusals from two materially similar attorney-misconduct actions arising from the same MDL.[3]

[3] Mandamus Pet. at 15–18; App. Tabs 37-4, 37-5, 37-6, 37-8, 37-9.

By treating the comments substantially in isolation and overlooking the remaining circumstances, the Court did not evaluate the claim under this Circuit's governing standard: "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Patti*, 337 F.3d at 1321; *see also Moody*, 755 F.3d at 895.

*Liteky* does not displace that inquiry. Its "deep-seated favoritism or antagonism" formulation concerns reliance on judicial remarks or opinions formed during proceedings as themselves establishing disqualifying bias. 510 U.S. at 555. Canup expressly disclaimed that theory; the comments were offered only as part of the totality of circumstances considered by the fully informed observer. (Mandamus Pet. at 17).

The Court's construction also conflicts with the rule requiring liberal construction of *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The Petition expressly invoked § 455(b)(1) and presented § 455(a) under the totality of the circumstances. (Mandamus Pet. at 9–18). No liberal construction was necessary to create those arguments, but any ambiguity concerning their scope required liberal rather than artificially narrow construction.

Panel rehearing is warranted because the Court misapprehended the cumulative § 455(a) theory, overlooked material circumstances comprising that claim, and applied a materially narrower inquiry than the governing objective-observer standard. Rehearing *en banc* is independently warranted to maintain uniformity with controlling Supreme Court and Eleventh Circuit precedent governing § 455(a) and construction of *pro se* filings.

### 3. The Court Misapprehended the Procedural Posture, Overlooked an Antecedent Subject-Matter Jurisdiction Question, and Its Disposition Conflicts with Controlling Jurisdictional Precedent

The Court stated that Canup filed the underlying action in the Northern District of Florida. (11th Cir. Dkt. 20 at 2). He did not. Canup filed in Texas state court; Defendants removed the action; Canup timely challenged federal subject-matter jurisdiction; and the JPML later transferred the removed action to the Northern District of Florida.[4]

That misapprehension is material. The mandamus petition expressly advised the Court that the action had been removed over Canup's jurisdictional objection and that remand had been denied immediately before mandamus was sought. (Mandamus Pet. at 4–6; App. Tab 70). Canup again raised the unresolved jurisdictional issue in seeking a stay. (11th Cir. Dkt. 7 at 5–6, 8–9).

[4] Mandamus Pet. at 4–6; App. Tab A; App. Tabs 1, 8, 30.

Federal appellate courts have a "special obligation" to satisfy themselves not only of their own jurisdiction, but also of the jurisdiction of the lower court whose action they review. *Bender*, 475 U.S. at 541; *Bochese*, 405 F.3d at 975. Jurisdiction is the "first and fundamental question," *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94–95 (1998), and must be examined *sua sponte* whenever its absence appears possible. *Bochese*, 405 F.3d at 975; *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001); *Fitzgerald v. Seaboard System Railroad, Inc.,* 760 F.2d 1249, 1251 (11th Cir. 1985). In a removed action, if subject-matter jurisdiction is absent, the federal court is "powerless to continue." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999).

The jurisdictional question is substantial, not merely theoretical. The district court expressly found that complete diversity was absent and declined to decide improper joinder, resting its denial of remand instead on federal-question jurisdiction under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005). (App. Tab 70 at 9–14). The district court expressly acknowledged that Canup's causes of action were state-law claims, but nevertheless held that they fell within *Grable* because they were sufficiently intertwined with federal MDL orders and the Court's retained settlement jurisdiction to create arising-under jurisdiction. (App. Tab 70 at 10–14).

But *Gunn v. Minton*, 568 U.S. 251, 258–64 (2013), held that a backward-looking state-law attorney-malpractice dispute does not present a substantial federal question merely because resolution requires determination of an embedded federal issue; substantiality concerns importance to the federal system as a whole. And *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33–34 (2002), held that retained ancillary jurisdiction to enforce a prior settlement cannot itself supply the original jurisdiction required to remove a separate state-court action under § 1441. Those authorities at minimum reinforce the need to resolve subject-matter jurisdiction before continued federal proceedings can be treated as an adequate alternative remedy.

The Court nevertheless relied on Canup's ability to litigate through final judgment and obtain later appellate review as an adequate alternative remedy. (11th Cir. Dkt. 20 at 5–6). But that reasoning assumes the federal authority still in dispute: if subject-matter jurisdiction is absent, as contended, the district court lacks authority to conduct the very proceedings identified as the adequate alternative remedy.

Canup maintains that before continued federal adjudication and eventual federal appellate review can support denial of mandamus, the Court must first satisfy itself that the district court possesses subject-matter jurisdiction. Removal jurisdiction is construed narrowly, with uncertainties resolved in favor of remand, and the removing defendants bear the burden of establishing federal jurisdiction.

*University of South Alabama*, 168 F.3d at 411 (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Because the remand record continued to develop after the May 29, 2026 order, including proceedings concerning Respondent Mostyn Law Firm PC's untimely motion to dismiss, Mostyn's subsequent motion to accept that untimely filing as timely and Canup's motion for reconsideration of remand denial, the Court should at minimum direct supplemental briefing requiring the removing defendants to demonstrate the basis for federal subject-matter jurisdiction and addressing any factual or procedural matters necessary to discharge the Court's independent duty.

Panel rehearing is warranted because the Court misapprehended the procedural posture, overlooked the unresolved jurisdictional question, and relied on continued federal adjudication without first satisfying itself that the district court possessed authority to proceed. Rehearing *en banc* is independently warranted because that treatment conflicts with controlling Supreme Court and Eleventh Circuit precedent concerning the appellate court's jurisdictional duty and presents a question of exceptional importance concerning the lawful exercise of federal judicial power.

**Conclusion**

For the foregoing reasons, Canup respectfully requests that the Court grant panel rehearing and rehearing *en banc*, recall the mandate to the extent necessary,

direct supplemental briefing on subject-matter jurisdiction and any related factual or procedural matters necessary to resolve that issue, and grant such further relief as the Court deems just.

Signed this 14th day of September, 2026.

Respectfully submitted,

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

**Certificate Of Compliance**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 40(d)(3)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 3,900 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

**Certificate Of Service**

I HEREBY CERTIFY that on September 14, 2026, I electronically filed the foregoing Petition for Panel Rehearing and Rehearing *En Banc* with the Clerk of the Court using the Court's electronic-filing system, which will provide notice to all registered counsel and parties in this proceeding.

I further certify that on the same date, a copy of the foregoing Petition was transmitted by email to the following:

Hon. M. Casey Rodgers
District Judge of the United States District Court,
Northern District of Florida
flnd_rodgers@flnd.uscourts.gov

Michael Burns
Pro se Defendant
mblawfl@yahoo.com

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

**PANEL ORDER**

*In re Brandon Canup*, No. 26-11887-C (11th Cir. Sept. 1, 2026) (unpublished)

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 01, 2026

Brandon Canup
4812 HIDDEN OAKS LN
ARLINGTON, TX 76017

Appeal Number: 26-11887-C
Case Style: In re: Brandon Canup
District Court Docket No: 3:26-cv-03359-MCR-ZCB

The enclosed order is issued as the mandate of this Court, and this case is now closed. See 11th Cir. R. 41-4.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-11887

---

In re: BRANDON CANUP,

*Petitioner.*

---

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Florida
D.C. Docket No. 3:26-cv-03359-MCR-ZCB

---

Before BRANCH, LAGOA, and ABUDU, Circuit Judges.

BY THE COURT:

Brandon Canup, proceeding pro se, has filed a mandamus petition arising out of a civil proceeding he filed in the U.S. District Court for the Northern District of Florida ("underlying action"). Canup has paid the filing fee as to his mandamus petition. He has also filed a motion to take judicial notice of certain records and a

separate motion to stay the underlying action pending resolution of his instant mandamus petition. In his petition, Canup asks us to order the recusal of U.S. District Judge M. Casey Rodgers in the underlying action and to vacate a district court order denying Canup's motion for Judge Rogers's recusal.

Canup's underlying action arises out of claims against various attorneys and law firms related to a multidistrict litigation ("MDL") in which he opted out of a global settlement. Canup raises claims in the underlying action, in relevant part, against several attorneys who served as "leadership counsel" in the MDL. Canup alleges that leadership counsel appeared on his behalf at a March 2024 status conference in the MDL, even though he had retained separate counsel. He also alleges that leadership counsel attempted to persuade him to agree to the global settlement without disclosing what Canup considers to be a conflict of interest.

Relevant to the instant petition, one of the leadership counsel attorneys submitted an affidavit in the underlying action in which he swore that he and other leadership counsel did not legally represent Canup in the MDL. In the affidavit, the attorney also noted that he and another attorney had appeared at the March 2024 status conference at the request of Judge Rodgers. Canup alleges that this request was not part of the official public-facing docket. As such, Canup argues that the attorneys now defend their conduct at the MDL proceedings on the basis of Judge Rodgers's request, which implicates her personal knowledge of a disputed fact, and thus merits her recusal.

Additionally, Canup contends that recusal is merited based on comments Judge Rodgers made during the MDL proceedings, where she extolled the efforts of leadership counsel on both sides of the litigation. He contends that these comments create an appearance of bias in the underlying action.

Mandamus is available only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion. *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Jackson*, 130 F.3d at 1004. The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 309 (1989). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991) (quotation omitted).

Under § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or in any circumstances "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Disqualification is only required when the alleged bias is personal in nature, that is, stemming from an extra-judicial source. *Loranger v.*

*Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* This Court has held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation omitted).

A district court's pre-judgment ruling on recusal or disqualification is reviewable upon appeal after issuance of a final judgment. *Steering Comm. v. Mead Corp.* (*In re Corrugated Container Antitrust Litig.*), 614 F.2d 958, 960-62 (5th Cir. 1980). Accordingly, such a ruling is not reviewable on appeal until the litigation is final, though a writ of mandamus may issue to correct such a decision in "exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 960-62 & n.4 (quotation marks omitted); *see id.* at 961-62 (declining to grant mandamus relief relating to a district court judge's refusal to recuse himself where full review of the issue was available on appeal); *see also In re Moody*, 755 F.3d at 897 (explaining that review of district court judge's refusal to recuse under mandamus authority was "even more stringent" than the ordinary abuse-of-discretion standard applicable to review on appeal of recusal issue, because the drastic remedy of mandamus was available only in exceptional circumstances). Where a judge's duty

to recuse himself is either debatable or non-existent, a writ of mandamus will not issue to compel recusal. *Corrugated Container*, 614 F.2d at 962.

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals. 28 U.S.C. § 1291. An appeal from a final judgment brings up all preceding non-final orders. *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989).

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (quotation marks omitted).

Here, as an initial matter, we **GRANT** Canup's motion to take judicial notice to the extent it asks us to take notice of certain records from the MDL proceedings.

Canup, however, is not entitled to mandamus relief. With respect to the requested recusal, Canup's argument that Judge Rodgers's personal knowledge of the request to have leadership counsel present does not represent exceptional circumstances amounting to a judicial usurpation of power that would require deciding the issue in mandamus rather than a potential appeal, if

necessary. *Corrugated Container*, 614 F.2d at 960-62 & n.4. As such, Canup has the adequate alternative remedy of raising this issue in a potential appeal if the district court decides the underlying action against him. *See Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004.

As for Canup's arguments that Judge Rodgers's comments about leadership counsel create an appearance of partiality, these comments were general in nature and do not create an appearance that displays a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky*, 510 U.S. at 555. Further, these comments do not represent "exceptional circumstances" to warrant a recusal, and, thus, a writ of mandamus should not issue to compel Judge Rodgers's recusal. *In re Moody*, 755 F.3d at 895; *Corrugated Container*, 614 F.2d at 960-62 & n.4.

Because recusal is not warranted in mandamus, we also deny Canup's request to vacate the recusal order entered in district court. To the extent Canup wishes to challenge the order, he may do so after final judgment if necessary. *See Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004; *Kirkland*, 884 F.2d at 1369-70.

As for Canup's motion for a stay of the underlying action, we **DENY** the motion because he has not shown an entitlement to relief in mandamus, so a stay of the underlying action is not warranted. Furthermore, to the extent the stay was premised on us deciding the recusal issue, the motion is now moot with us issuing our decision in this case. *Zinni*, 692 F.3d at 1166; *Friends of Everglades*, 570 F.3d at 1216.

Accordingly, Canup's mandamus petition is **DENIED**. His motion to take judicial notice is **GRANTED** to the limited extent described above. His motion to stay the underlying action is **DENIED**.